IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSIE LEE FARMER, JR.                                                         PLAINTIFF

v.                               Civil No. 6:19-CV-06144

KATLINE WATSON, *et. al.*                                                      DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I.  BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on December 11, 2019. (ECF No. 2). It was transferred to this District on December 12, 2019. (ECF No. 3). On December 13, 2019, the Court entered an Order directing Plaintiff to file an Amended Complaint on the court-approved form for this District by January 3, 2020. (ECF No. 7). In this Order, Plaintiff was advised that failure to submit his Amended Complaint by the deadline would result in the dismissal of his case. (*Id.*). On December 30, 2020, Plaintiff submitted two documents, neither of which was written on the Court-approved Complaint form, and neither of which could be identified as an Amended Complaint. They were therefore filed as supplements to his original Complaint. (ECF Nos. 9, 10). On February 24, 2020, the Court entered a Show Cause Order directing Plaintiff to show cause for his failure to submit an Amended Complaint as directed by March 16, 2020. (ECF

1

No. 11). On March 11, 2020, Plaintiff filed a Motion for Extension to file his Response, and was given until April 1, 2020, to provide his Show Cause Response. (ECF Nos. 12, 13). Plaintiff was reminded that failure to submit his Response by the deadline would result in the dismissal of his case. (*Id.*). On April 3, 2020, two days past the deadline, Plaintiff filed a Motion for Appointment of Counsel. (ECF No. 15). The Motion was denied on the same day, and Plaintiff was given another opportunity to file his Show Cause Response by April 13, 2020. (ECF Nos. 16, 17). Plaintiff was again reminded that failure to submit his Response by the deadline would result in the dismissal of his case. (ECF No. 17).

To date, Plaintiff has failed to submit his Show Cause Response, and has not otherwise communicated with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Plaintiff has failed to comply with two Court Orders.  Plaintiff has failed to prosecute this matter.

### IV.  CONCLUSION

Accordingly, I recommend that pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this **30th day of April 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE